IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01474-GPG

DANIEL KESSLER,

    Plaintiff,

v.

MARY HOAK #21884,
ASHLEY SHELTON #44841,
DOUG WINTERS,
ROD JOHNSON,
BRETT BARKEY #15883,
GAVIN FALATKO, and
BRETT SCHROETLIN,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Daniel Kessler, has filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. The court must construe the Complaint liberally because Mr. Kessler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kessler will be ordered to file an amended complaint.

    The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Kessler's claims in the Complaint arise out of Colorado state court criminal proceedings.  He describes the background for his claims as follows:

> During a hearing on case 13CR58 on 9-27-13[,] a motion to revoke bond was presented for case 13CR58.  "See Transcript."  The Motion was discussed and evidence was received and reviewed and then the motion was denied by Judge Hoak.  On December 17th, 2013[,] Judge Hoak signed a[n] Arrest Warrant on case 13CR111, based on a[n] Affidavit prepared by Doug Winters.  This Affidavit used the information the court had on file provided for the discussion in case 13CR58 on the hearing on 9-27-13, which had already been reviewed and ruled upon.  As a result of this I was arrested on December 29, 2013[,] based on the same information the court already had before it and denied.  As a direct result and in violation of my civil rights, the action caused me loss of life, liberty, and property.  Including, but not limited to costs, fees, loss of income, loss of time with family, and incarceration impacts.  As such damages will be requested to recover these costs.

(ECF No. 1 at 2.) Mr. Kessler alleges that he was charged with a violation of bail bond conditions in case number 2013CR111 and that he entered a guilty plea to a reduced charge in that case. (*See* ECF No. 1 at 6.) He specifically asserts three claims for relief that he identifies as malicious prosecution (claim one), double jeopardy (claim two), and false/malicious arrest (claim three).

Mr. Kessler fails to set forth a short and plain statement of his claims showing he is entitled to relief because he fails to allege facts that demonstrate what each Defendant did that allegedly violated his constitutional rights and, with the exception of claim three, he does not specify against which Defendant or Defendants he is asserting his claims. Furthermore, with the exception of Defendant Mary Hoak, who is identified as a state court judge, Mr. Kessler fails to provide specific information that identifies who the Defendants are or what role they played in his state court criminal cases.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Kessler will be directed to file an amended complaint that identifies the

specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The court emphasizes that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).

Mr. Kessler is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). However, Mr. Kessler may not assert any claims for damages that are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Kessler also is advised that judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Similarly, to the extent Mr. Kessler may be

asserting claims against a prosecutor, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Accordingly, it is

ORDERED that Mr. Kessler file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Kessler shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Kessler fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED August 9, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge