IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01474-GPG

DANIEL KESSLER,

    Plaintiff,

v.

MARY HOAK #21884, Grand County Judge,
ASHLEY SHELTON #44841, Deputy Grand Prosecutor,
DOUG WINTERS, Grand CO DA Investigator,
ROD JOHNSON, Grand CO Sheriff,
BRETT BARKEY #15883, Deputy Grand CO DA,
GAVIN FALATKO, Grand CO Sheriff Deputy, and
BRETT SCHROETLIN, Grand CO Sheriff (2014),

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Daniel Kessler, initiated this action by filing *pro se* a Complaint (ECF No. 1).  On August 9, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Kessler to file an amended complaint that clarifies the claims he is asserting in this action.  On November 10, 2015, Mr. Kessler filed an amended Complaint (ECF No. 12).  He asserts three claims for relief pursuant to 42 U.S.C. § 1983 contending his rights under the United States Constitution have been violated.  He seeks damages as relief.

The Court must construe the amended Complaint liberally because Mr. Kessler is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.   *See id.*   For the reasons stated below, the Court will dismiss the action.

Mr. Kessler's claims in the amended Complaint stem from his conviction in a Colorado state court criminal case for violating bail bond conditions.   He alleges the following facts in support of his claims:

> The Plaintiff, Daniel Kessler, was arrested in regard to a Possession of a Controlled Substance, Schedule II and DUI, the most serious charge being a class Six felony. Plaintiff posted bond and was set free.   The charges filed were docket number 2013CR58 and were filed approximately May 2013.   Plaintiff set the charges for trial in the Grand County District Court.
>
> On September 27, 2013, a motion to revoke the bond in case number 2013CR58 was heard before Judge Mary Hoak, who heard evidence and testimony from the prosecutor.   Hoak then dismissed the complaint, presumably with prejudice.
>
> On December 17, 2013, an affidavit and arrest warrant were brought before Judge Hoak bearing case number 2013CR111, concerning allegations of violating bail bond conditions, the identical information brought before Hoak previously in the attempt to revoke the Plaintiff's bond on September 27.   This affidavit and arrest warrant were prepared and signed (affirmed under oath) by DA's investigator Doug Winters.   On December 29, 2013, the Plaintiff was arrested on case 2013CR111 and held on a no bond hold for violation of bail bond conditions, a class six felony.   The arrest was executed by Sheriff Deputy Gavin Falatico of the Grand County Sheriff's Office, under the order and supervision of Sheriff Rod Johnson, and later by the Sheriff-elect, Brett Schroetlin.

> The Plaintiff believes that the charges brought in case number 2013CR111 were brought against him in retaliation for setting the 2013CR58 case for trial. The complaint was prosecuted by Deputy DA Ashley Shelton, under the direct supervision of District Attorney Brett Barkey.
>
> The Plaintiff believes that all the Defendants named had direct knowledge of the vindictive nature of the charges in case number 2013CR111 because of the intimate nature of the law enforcement and judicial communities in Grand County. The supervisors (DA Barkey and Sheriffs) were directly involved in the bad acts because they gave direct instructions to their underlings, and knowing the circumstances of the duplicative charges.
>
> As a result of this malicious prosecution, false arrest, and double jeopardy, the Plaintiff lost liberty, costs, fees, loss of income, and a distinct disadvantage during the disposition of the charges in case number 2013CR58. As such, the Plaintiff will be seeking actuarial, exemplary and punitive damages in this case. The Plaintiff asserts that any injury that was inflicted upon him was willful and wanton, and in a knowing and reckless manner.

(ECF No. 12 at 2-3.) Mr. Kessler specifically asserts three constitutional claims alleging he was denied due process as a result of a selective or vindictive prosecution in case number 2013CR111 (claim one); his conviction in 2013CR111 violates the Double Jeopardy Clause (claim two); and his Fourth Amendment rights were violated as a result of a false and malicious arrest on the charges in case number 2013CR111 (claim three).

Mr. Kessler's claims for damages must be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called

into question by the issuance of a federal habeas writ.   See *Heck*, 512 U.S. at 486-87.  In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Although Mr. Kessler contends he is challenging only the constitutionality of the procedures used to obtain his conviction and not the conviction itself, the Court is not persuaded.   It is apparent that Mr. Kessler's malicious prosecution claim implicates the validity of his conviction in case number 2013CR111.   See *Heck*, 512 U.S. at 484-86.  Similarly, his double jeopardy claim also implicates the validity of that conviction.   See *Roberts v. O'Bannon*, 199 F. App'x 711, 714 (10th Cir. 2006).   It is true that success on a false arrest claim does not always imply the invalidity of a criminal conviction.   See *Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999).   However, because Mr. Kessler presents no factual allegations in support of his false arrest claim beyond the factual allegations that support his malicious prosecution and double jeopardy claims, it is clear that the false arrest claim in the amended Complaint also implicates the validity of his conviction in case number 2013CR111.   See *id.* at 404-05.

Mr. Kessler does not allege, and there is no indication in the amended Complaint, that he has invalidated the validity of the challenged conviction.   Therefore, Mr. Kessler's claims for damages are barred by the rule in *Heck* and must be dismissed.   The

dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

In addition, even if Mr. Kessler's claims were not barred by *Heck*, other reasons support dismissal of various claims in this action.   First, as Magistrate Judge Gallagher noted, judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).   Therefore, Defendants Hoak, Shelton, and Barkey are entitled to absolute immunity.

Mr. Kessler also fails to allege specific facts that demonstrate the supervisory officials named as Defendants personally participated in the asserted constitutional violations.   "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).   Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Next, Mr. Kessler fails to allege facts that would allow him to recover damages from Defendants in their official capacities.   Official capacity suits "generally represent

only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).   Therefore, Mr. Kessler's official capacity claims against the state officials named as Defendants must be construed as claims against the State of Colorado and the claims against the county officials named as Defendants must be construed as claims against Grand County. However, the claims for damages against the State of Colorado are barred by the Eleventh Amendment.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).   With respect to any claims against Grand County, Mr. Kessler fails to allege facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).   Therefore, Mr. Kessler's official capacity claims also lack merit.

Finally, to the extent Mr. Kessler may be asserting any state law tort claims in the amended Complaint, the Court declines to exercise supplemental jurisdiction over those claims because the constitutional claims over which the Court has original jurisdiction will be dismissed.   *See* 28 U.S.C. § 1367(c)(3).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Complaint, the amended Complaint, and the action are dismissed without prejudice because Plaintiff's constitutional claims for damages are barred by the rule in *Heck*.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   18th   day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court